# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOANN SUCHARSKI**
        **Plaintiff,**

    **v.**                                      **Case No. 08-C-0284**

**MICHAEL J. ASTRUE,**
**Commissioner of the Social Security Administration**
        **Defendant.**

## ORDER

Plaintiff brought this action seeking judicial review of the denial of her application for social security disability benefits. The Commissioner moves to remand the case for further proceedings pursuant to 42 U.S.C. § 405(g), sentence six, on the ground that the hearing tape from plaintiff's administrative claim file cannot be located. The Commissioner indicates that if the tape cannot be located within a reasonable period of time, the Appeals Council will remand the case for a de novo hearing.

Sentence six of § 405(g) provides, in pertinent part: "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security[.]" Loss of a hearing tape constitutes good cause for a sentence six remand. H.R. Conf. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980) ("Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible . . . good cause would exist to remand the claim to the Commissioner for appropriate action to produce a record."). Therefore, I will grant the

motion. However, in order to ensure that this case does not linger, I will direct that the matter be remanded for a new hearing if the tape is not found within thirty days of the date of this order. See McCullough v. Apfel, 95 F. Supp. 2d 956, 957 (S.D. Ind. 2000) (noting that the "Commissioner's standard practice in such a situation is simply to wait, making no meaningful affirmative efforts to find the missing file, for a period of six to eight months," and recommending that courts take appropriate steps to prevent "cases from falling between bureaucratic and judicial cracks").

**THEREFORE, IT IS ORDERED** that the Commissioner's motion to remand is **GRANTED** as stated herein, and this matter is **REMANDED** for further proceedings consistent with this order, pursuant to § 405(g), sentence six. While retaining jurisdiction of the case, I will administratively close the file at this time. The case may at the written request of either party be re-opened upon completion of the proceedings on remand.

Dated at Milwaukee, Wisconsin this 9th day of June, 2008.

/s Lynn Adelman

_____

LYNN ADELMAN
District Judge