# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOANN SUCHARSKI**
    **Plaintiff,**

    v.                                Case No. 08-C-0284

**MICHAEL J. ASTRUE,**
**Commissioner of the Social Security Administration**
    **Defendant.**

## DECISION AND ORDER

Plaintiff Joann Sucharski brought this action for judicial review of the denial of her application for social security disability benefits. I reversed the denial and remanded for an award of benefits, pursuant to 42 U.S.C. § 405(g), sentence four, and entered judgment for plaintiff. Sucharski v. Astrue, No. 08-C-284, 2009 WL 3148724 (E.D. Wis. Sept. 25, 2009). Plaintiff now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**I.**

The EAJA provides that a prevailing party in a civil suit against the United States may, on timely application, receive an award of attorney's fees if the government's position was not "substantially justified" and no "special circumstances" would make an award unjust. See 28 U.S.C. § 2412(d)(1); Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009). Plaintiff is entitled to an award in this case: she prevailed in her action, her motion is timely, and the Commissioner does not contend that the government's position was substantially justified or that special circumstances would make an award unjust. However, the Commissioner does

contend that the amount of plaintiff's request is excessive.

**II.**

A litigant seeking fees bears the burden of demonstrating that her request is reasonable, both as to the rate and the number of hours requested. See, e.g., Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1011 (E.D. Wis. 2004) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Hanrahan v. Shalala, 831 F. Supp. 1440, 1450 (E.D. Wis. 1993)); Henderson v. Barnhart, 257 F. Supp. 2d 1163, 1169 (E.D. Wis. 2002). Plaintiff has presented a detailed EAJA submission in this case, in which she seeks to justify her request.

Plaintiff requests compensation for attorney work at a rate of $170 per hour under the Bureau of Labor Statistics Consumer Price Index. See Lechner, 330 F. Supp. 2d at 1011 (approving use of this method). She requests compensation for law clerk time at rates of $125 (for a law clerk with a J.D.) and $100 per hour. The Commissioner does not contest the requested hourly rates, and I find them to be reasonable. See, e.g., Day v. Astrue, No. 07-cv-507, 2009 WL 3757014, at *5 (W.D. Wis. Nov. 5, 2009); Salaam v. Astrue, No. No. 08-C-0238, 2009 WL 382747, at *1 (E.D. Wis. Feb. 10, 2009); Maki v. Astrue, No. 07-C-282, 2008 WL 4830085, at *1, 3 (E.D. Wis. Oct. 29, 2008).

The Commissioner does contend that plaintiff's representatives spent too much time on the case. Plaintiff seeks compensation for 54.40 hours of attorney time, 2.65 hours for a law clerk with a J.D. degree, and 2 other law clerk hours. The Commissioner argues that the issues raised here were hardly novel, and that plaintiff's lawyers have handled many similar cases. The Commissioner further notes that this case had been remanded once before, and that one of the lawyers who worked on the case previously also seeks compensation for time now. Finally, the Commissioner contends that courts have generally found 20 to 40 hours to

2

be the benchmark for social security appeals.

The cases the Commissioner relies upon to establish a 20 to 40 hour benchmark are older cases from other circuits. Courts in the Seventh Circuit have granted requests similar to the one before me now. See, e.g., Wirth v. Barnhart, 325 F. Supp. 2d 911, 914 (E.D. Wis. 2004) (collecting cases).[1] Further, the Commissioner points to no specific entries he deems excessive or redundant. See Hutchison v. Amateur Electronic Supply, Inc., 42 F.3d 1037, 1048 (7th Cir. 1994) (concluding that general concerns about the size of the fee request were insufficient to justify a cut). Nor can I conclude that the case was as simple and straightforward as the Commissioner suggests. The administrative record here exceeded 1200 pages, larger than most I see, and while the issues raised were not particularly novel, I cannot conclude that plaintiff's lawyers spent too much time applying the law to this large record. Finally, as plaintiff demonstrates in her EAJA reply, her lawyers did not duplicate their work from the previous federal appeal but rather focused on the new issues. In sum, I cannot conclude that the time requested here is excessive, even for experienced lawyers.

Therefore, I find plaintiff's original request for $9828.25 in fees reasonable. Plaintiff also requests compensation for the 1 hour spent by counsel and 2 hours spent by a law clerk with a J.D. on the EAJA reply. Such time is compensable, see Commissioner, INS v. Jean, 496 U.S. 154, 162 (1990), and I find this request reasonable, see, e.g., Lechner, 330 F. Supp. 2d at 1013; Wirth, 325 F. Supp. 2d at 918. I will therefore award $420 for time spent on the EAJA reply brief.

---

[1] Indeed, the unpublished decision the Commissioner attaches to his EAJA response states that 40 hours is not an established maximum in this circuit. Akhteebo v. Astrue, No. 07-C-1093, slip op. at 4 (N.D. Ill. July 23, 2008).

3

**III.**

**THEREFORE, IT IS ORDERED** that plaintiff's motion for an award of attorney's fees (R. 29) is **GRANTED,** and plaintiff's attorney, Thomas Bush, is awarded fees in the amount of $10,248.25.

Dated at Milwaukee, Wisconsin, this 8th day of March, 2010.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge